Thomas R. Califano
Jeremy R. Johnson
Daniel G. Egan
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ALEXANDER GALLO HOLDINGS, LLC, *et al.*,[1] | Case No. 11-14220 |
| | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------x

**DEBTORS' APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) FOR AUTHORIZATION TO EMPLOY AND RETAIN SITRICK AND COMPANY AS CORPORATE COMMUNICATIONS CONSULTANT FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Alexander Gallo Holdings, LLC and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this application (the "Application"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to retain and employ Sitrick and Company, a division of Sitrick Brincko Group, LLC ("Sitrick") as their

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

corporate communications consultant, <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date (as defined below).  In support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested in this Application are section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## BACKGROUND

2. On September 7, 2011 (the "<u>Petition Date</u>"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors are continuing to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee, examiner, or creditors' committee has been appointed in any of the Debtors' chapter 11 cases.

5. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to these chapter 11 cases is contained in the *Affidavit of Marc L. Pfefferle Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions*.

## RELIEF REQUESTED

6. By this Application, the Debtors request, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), that the Court authorize the Debtors to employ and retain Sitrick as corporate communications consultant for the Debtors, <u>nunc</u> <u>pro</u> <u>tunc</u> to the

Petition Date. The terms and conditions of Sitrick's proposed retention by the Debtors are set forth in that certain engagement letter between the Debtors and Sitrick, dated July 11, 2011, (the "Sitrick Agreement"). A copy of the Sitrick Agreement is attached hereto as Exhibit A and incorporated herein by reference. The facts and circumstances supporting the Application are set forth in the Declaration of Tom Becker, dated September 7, 2011 (the "Becker Declaration"), a copy of which is attached hereto as Exhibit B.

7. The Debtors believe that Sitrick's retention should be approved because, among other things, its services are required, Sitrick is highly qualified and disinterested, and the terms of its retention are fair. A proposed order (the "Proposed Order") authorizing and approving Sitrick's retention is attached hereto as Exhibit C.

8. As required by Bankruptcy Rule 2014(a), this Application sets forth the following: (a) the specific facts showing the necessity for Sitrick's employment, (b) the reasons for the Debtors' selection of Sitrick as their corporate communications consultant in connection with their chapter 11 cases, (c) the professional services to be provided by Sitrick, (d) the arrangement between the Debtors and Sitrick with respect to Sitrick's compensation, and (e) to the best of the Debtors' knowledge, the extent of Sitrick's connections, if any, to certain parties in interest in these chapter 11 cases.

## SITRICK'S QUALIFICATIONS

9. Sitrick is well qualified to serve as the Debtors' corporate communications consultant. Sitrick is a full-service independent global public relations firm with approximately 50 professionals collaborating across its Los Angeles, New York, Miami, San Francisco and Silicon Valley offices. Sitrick has been ranked as one of the top strategic communications

companies in the nation and has emerged as a leader in corporate reputation management, with extensive experience in both out-of-court restructurings and complex chapter 11 cases.

10. Prior to the Petition Date, the Debtors retained Sitrick as their corporate communications consultant because of Sitrick's expertise and experience to provide strategic advice in connection with corporate communications. Sitrick has worked closely with the Debtors to develop a comprehensive communications strategy and materials. The Debtors desire to continue to employ Sitrick post-petition pursuant to the Sitrick Agreement because of Sitrick's familiarity with the Debtors' business operations and their substantial expertise in restructuring and corporate communications.

11. Sitrick's services are necessary to the Debtors' successful restructuring because Sitrick will be able to assist the Debtors in protecting, retaining, and developing the goodwill and confidence of a number of constituency groups and stakeholders during the chapter 11 process. The cooperative participation of parties such as employees, customers, vendors, trade and other creditors, lenders, equity holders and potential investors is essential to the Debtors' viability as a going concern. Accordingly, the employment and retention of Sitrick would be in the best interest of the Debtors, their estates and creditors.

## SUMMARY OF SERVICES TO BE PROVIDED

12. The Debtors anticipate that Sitrick will render corporate communications services as needed throughout the course of these chapter 11 cases. The Debtors anticipate that Sitrick will provide, among other things, professional services that may include, without limitation, writing and distributing press releases, consulting on public relations strategy, media relations and media monitoring in connection with these chapter 11 cases, and advising on communications programs for various constituents, including clients (the "Services").

## PROPOSED COMPENSATION

13. Prior to the Petition Date, the Debtors negotiated the Sitrick Agreement, a commercially reasonable compensation and employment agreement, whereby Sitrick agreed to represent the Debtors and charge, in connection with its professionals providing the Services related to these chapter 11 cases, its standard hourly rates. Sitrick's standard hourly rates range from $185 to $895, depending on the particular professional.

14. Sitrick has received a retainer fee in the amount of $60,000, of which $10,000 is a refundable expense advance to cover reasonable and necessary out-of-pocket expenses incurred by Sitrick. Sitrick will keep track of hourly time charges, which will be applied against the retainer. When the retainer has been fully applied against time charges, additional time charges will be billed as incurred. The Sitrick Agreement provides that Sitrick will provide the Debtors with weekly reports for services rendered and fees associated therewith. The compensation arrangement set forth in the Sitrick Agreement is hereinafter referred to as the Fee Structure (the "Fee Structure").

## INDEMNIFICATION

15. As more fully set forth in the Sitrick Agreement, the Debtors have agreed to indemnify and hold harmless Sitrick and its shareholders, parent company, affiliates, officers, directors, employees, and agents (the "Indemnified Parties," and each an "Indemnified Party"), from and against losses, claims, damages, liabilities, and costs and expenses (including, but not limited to, reasonable attorneys' fees), in connection with services rendered by Sitrick (the "Indemnified Activities"). Notwithstanding the foregoing, the Sitrick Agreement provides that the Debtors shall not be liable in respect of any losses, claims, damages, liabilities, and costs and expenses that a court of competent jurisdiction shall have determined by final nonappealable

judgment resulted solely from an Indemnified Party's bad faith, self-dealing, breach of fiduciary duty, gross negligence, or reckless or willful misconduct.

16. In addition, any request for payment of indemnity pursuant to the Sitrick Agreement shall be made by means of an application and subject to review and approval by the Court. Similarly, in the event Sitrick seeks reimbursement for attorneys' fees pursuant to the Sitrick Agreement, the invoices and supporting time records from such attorneys shall be included in Sitrick's own applications and shall be subject to the United States Trustee's guidelines for compensation and the approval of the Court, without regard to whether such attorney was retained pursuant to Bankruptcy Code section 327.

## DISINTERESTEDNESS

17. As described in detail in the Becker Declaration, Sitrick has, among other things, searched its client databases to determine whether it represents, or has represented, certain of the Debtors' creditors or other parties in interest in these proceedings, and/or matters unrelated to these proceedings. Subject to the exceptions disclosed or described in the Becker Declaration, Sitrick (a) does not hold or represent any interest adverse to the Debtors' estates, and (b) is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).

18. Sitrick has informed the Debtors that it will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Sitrick will use reasonable efforts to identify such further developments and will promptly amend the Becker Declaration to the extent that further disclosure is required.

## NO DUPLICATION OF SERVICES

19. The Debtors intend that the services of Sitrick will complement, and not duplicate, the services being rendered by other professionals in these chapter 11 cases. Sitrick understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

20. Therefore, the Debtors request that the Application be approved.

## BASIS FOR RELIEF REQUESTED

21. Pursuant to Bankruptcy Code section 327(a), a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under [the Bankruptcy Code.]" 11 U.S.C. § 327(a). Bankruptcy Code section 1107(b) provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

22. As more fully set forth in the Becker Declaration, Sitrick, its professionals and employees (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors, and (c) do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors. Accordingly, Sitrick is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

23. Also, retaining Sitrick as a corporate communications consultant is in the best interest of the Debtors, their estates and creditors. With Sitrick's assistance, the Debtors will be

able to effectively and efficiently respond to communications regarding their restructuring, facilitate the development of an effective media strategy and maintain their goodwill with employees, trade creditors and other constituents. Therefore, the Debtors request that the Court authorize Sitrick's retention.

## **NOTICE**

24. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Application on: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtors' secured lenders; and (c) those creditors holding the thirty largest unsecured claims against the Debtors on a consolidated basis (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## **NO PRIOR REQUEST**

25. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form annexed as Exhibit C hereto (a) granting this Application, (b) authorizing the Debtors to retain and employ Sitrick as their corporate communications consultant nunc pro tunc to the Petition Date, and (c) granting such other and further relief as may be deemed just and proper.

Dated: September 7, 2011

By: _____
Name: Alexander Gallo
Title: Chief Executive Officer
Alexander Gallo Holdings, LLC