# Exhibit B

# Becker Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re: : Chapter 11
:
ALEXANDER GALLO HOLDINGS, : Case No. 11-14220
LLC, *et al.*,[1] :
: (Jointly Administered)
Debtors. :
----------------------------------------------------------x

**DECLARATION OF TOM BECKER IN SUPPORT OF DEBTORS'
APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014(a) FOR AUTHORIZATION TO EMPLOY AND
RETAIN SITRICK AND COMPANY AS CORPORATE
COMMUNICATIONS CONSULTANT FOR THE DEBTORS,
NUNC PRO TUNC TO THE PETITION DATE**

State of New York      )
                       ) SS:
County of New York     )

I, Tom Becker, being duly sworn, depose and say:

1. I am a member in the firm of Sitrick and Company, a division of Sitrick Brincko Group, LLC ("Sitrick"), a strategic communications firm which has its principal office at 1840 Century Park East, Suite 800, Los Angeles, CA 90067, as well as offices in New York, San Francisco, Silicon Valley and Miami. I have been authorized to make this declaration on behalf of Sitrick (the "Declaration").

2. I submit this Declaration in support of the Application (the "Application"),[2] dated as of September 7, 2011 of Alexander Gallo Holdings, LLC and certain of its subsidiaries and

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

affiliates, as debtors and debtors in possession (collectively, the "Debtors") pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the retention and employment of Sitrick as corporate communications consultant for the Debtors, nunc pro tunc to the Petition Date. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

## SITRICK'S QUALIFICATIONS

3. I believe that Sitrick is well-qualified to act as corporate communications consultant to the Debtors. Sitrick is a full-service independent global public relations firm with approximately 50 professionals collaborating across its Los Angeles, New York, Miami, San Francisco and Silicon Valley offices. Sitrick has been ranked as one of the top strategic communications companies in the nation and has emerged as a leader in corporate reputation management, with extensive experience in both out-of-court restructurings and complex chapter 11 cases.

4. Prior to the Petition Date, the Debtors retained Sitrick as their corporate communications consultant because of Sitrick's expertise and experience to provide strategic advice in connection with corporate communications. Sitrick has worked closely with the Debtors to develop a comprehensive communications strategy and materials. The Debtors desire to continue to employ Sitrick post-petition pursuant to the Sitrick Agreement because of Sitrick's familiarity with the Debtors' business operations and their substantial expertise in restructuring and corporate communications.

5. Sitrick's services are necessary to the Debtors' successful restructuring because Sitrick will be able to assist the Debtors in protecting, retaining, and developing the goodwill and

confidence of a number of constituency groups and stakeholders during the chapter 11 process. The cooperative participation of parties such as employees, customers, vendors, trade and other creditors, lenders, equity holders, and potential investors is essential to the Debtors' viability as a going concern. Accordingly, the employment and retention of Sitrick would be in the best interest of the Debtors, their estates and creditors

## SERVICES TO BE PROVIDED

6. The Debtors anticipate that Sitrick will render corporate communications services as needed throughout the course of these chapter 11 cases. The Debtors anticipate that Sitrick will provide, among other things, professional services that may include, without limitation, writing and distributing press releases, consulting on public relations strategy, media relations and media monitoring in connection with these chapter 11 cases, and advising on communications programs for various constituents, including clients (the "Services").

## PROPOSED COMPENSATION

7. Prior to the Petition Date, the Debtors negotiated the Sitrick Agreement, a commercially reasonable compensation and employment agreement, whereby Sitrick agreed to represent the Debtors and charge, in connection with its professionals providing the Services related to these chapter 11 cases, its standard hourly rates. A copy of the Sitrick Agreement is attached to the Application as Exhibit A. Sitrick's standard hourly rates range from $185 to $895, depending on the particular professional.

8. Sitrick has received a retainer fee in the amount of $60,000, of which $10,000 is a refundable expense advance to cover reasonable and necessary out-of-pocket expenses incurred by Sitrick. Sitrick will keep track of hourly time charges, which will be applied against the retainer. When the retainer has been fully applied against time charges, additional time charges

will be billed as incurred. Pursuant to the Sitrick Agreement, Sitrick will provide the Debtors with weekly reports for services rendered and fees associated therewith.

## **INDEMNIFICATION**

9. As more fully set forth in the Sitrick Agreement, the Debtors have agreed to indemnify and hold harmless the Sitrick Indemnified Parties from the Indemnified Activities. Notwithstanding the foregoing, the Sitrick Agreement provides that the Debtors shall not be liable in respect of any losses, claims, damages, liabilities, and costs and expenses that a court of competent jurisdiction shall have determined by final nonappealable judgment resulted solely from an Indemnified Party's bad faith, self-dealing, breach of fiduciary duty, gross negligence, or reckless or willful misconduct.

10. In addition, any request for payment of indemnity pursuant to the Sitrick Agreement shall be made by means of an application and subject to review and approval by the Court. Similarly, in the event Sitrick seeks reimbursement for attorneys' fees pursuant to the Sitrick Agreement, the invoices and supporting time records from such attorneys shall be included in Sitrick's own applications and shall be subject to the United States Trustee's guidelines for compensation and the approval of the Court, without regard to whether such attorney was retained pursuant to Bankruptcy Code section 327.

## **SITRICK'S DISINTERESTEDNESS**

11. In preparing this Declaration, I caused to be reviewed the names of significant parties in interest provided to Sitrick by the Debtors (collectively, the "Interested Parties"). A list of the Interested Parties is set forth on Schedule 1 hereto. Sitrick searched its database to identify if any current clients or affiliates, representatives of current clients or affiliates, or vendors of current clients or affiliates were included among the Debtors'

Consolidated Top 30 Unsecured Creditors, Landlords, Secured Creditors, or Litigation Counterparties. Sitrick's search results are set forth on Schedule 2 hereto.

12. Subject to any explanations set forth on Schedule 2, to the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, other than in connection with these chapter 11 cases, neither I, nor Sitrick, nor any of its principals, employees, agents or affiliates, have any connection with the Debtors, their creditors, the United States Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants.

13. I am not related or connected to and, to the best of my knowledge, no other professional of Sitrick who will work on this engagement is related or connected to, any United States Bankruptcy Judge for the Southern District of New York, any of the District Judges for the Southern District of New York who handle bankruptcy cases, the United States Trustee for Region Two or any employee in the Office of the United States Trustee for Region Two.

14. Accordingly, I believe that Sitrick is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Sitrick, its professionals and employees:

    (a) Are not creditors, equity security holders or insiders of the Debtors;

    (b) Are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

    (c) Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

15. Despite the efforts described above to identify and disclose Sitrick's connections with parties in interest in these chapter 11 cases, because the Debtors are large enterprises with

hundreds of creditors and other relationships, Sitrick is unable to state with certainty that every client relationship or other connection has been disclosed. If any new facts or circumstances are discovered, Sitrick will supplement its disclosure to the Court pursuant to Bankruptcy Rule 2014(a).

16. No outstanding amounts are due to Sitrick by the Debtors. Accordingly, Sitrick is not a creditor of the Debtors. In the ninety days (90) prior to the filing of these chapter 11 cases, the Debtors paid to Sitrick a total of $68,000 in the aggregate for the prepetition services rendered and for the expenses related thereto.

17. The foregoing constitutes the statement of Sitrick pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a). By reason of the foregoing, I believe Sitrick is eligible for employment and retention by the Debtors pursuant to Bankruptcy Code section 327(a) (as modified by section 1107(b)) and applicable Bankruptcy Rules and Local Rules.

Dated: September 7, 2011
New York, New York

Tom Becker
Member
Sitrick and Company

# Schedule 1

## Interested Parties

| |
|---|
| Gallo Holdings, LLC |
| Winston Noteholders, LLC |
| Aptara, Inc. |
| Kirkland & Ellis |
| Legal Reprographics, Inc. |
| UPS |
| One Penn Plaza LLC |
| Atlanta Centennial, LLC |
| Aetna |
| AT&T |
| 311 West Monroe -VEF VI, LLC |
| Banc of America Leasing |
| Yes Video |
| Receivable Management Services |
| CIT Technology Fin. Serv., Inc. |
| Xerox Corporation |
| Catalyst Repository Systems, Inc. |
| Exact Software North America, Inc. |
| McKenna Long & Aldridge |
| Live Nation Worldwide, Inc. |
| Network Deposition Services |
| Watt Plaza |
| Rogers & Associates Attorneys |
| GE Capital |
| Clearwell Systems, Inc. |
| Chippewa Enterprises, Inc. |
| Softchoice Corporation |
| Bennett Thrasher PC |
| Premier Reporting-NY |
| Miller Heiman |
| Wells Fargo Bank, N.A. |
| Brown Brothers Harriman & Co. |
| CIT Lending Services Corporation |
| VSS Mezzanine Partners, L.P. |
| VSS Mezzanine SBS, LLC |
| New York Life Investment Management Mezzanine Partners, LP |
| NYLIM Mezzanine Partners Parallel Fund, LP |
| Grace Bay Holdings II, LLC |
| Joanne Redican Kohn |
| Glenn Webber P.A. |
| Anderson Law Office, LLC |
| Colapinto |
| Law Offices of Joseph R. Manning |
| Melanie Robertson |
| Janice Classen |
| Ann Marie Holland |
| Neng Pro Yang |
| Gate Riverplace Company |
| Liberty Property L.P. |
| PRMD |

| |
|---|
| Kan Am Grund Kapitalanlagegesellschaft mbh |
| Live Nation Worldwide, Inc. |
| 520 Capital Mall |
| 1875/1925 Century Park East Company |
| 110 Gulf Associates, L.P. |
| Exact Software North America, Inc. |
| GE Capital |
| Phoenix Plaza Point, LLC |
| CIT Financial Services, Inc. |
| Liberty Property L.P. |
| Courthouse Tower Associates, LLC |
| K-Cura |
| 1336 Venture LLC |
| Chippewa Enterprises, Inc. |
| Merrill Corporation |
| Cenwood Associates |
| Miller Heiman, Inc. |
| Atlanta Sand & Supply Co. |
| Sterwick Development Corp. |
| Atlanta Centennial, LLC |
| NFC, LLC |
| Pacific Office Properties Trust/3800 North Central, LLC |
| Chippewa Enterprises, Inc. |
| LINMAR IV, LLC |
| Temecula Highlands, LLC |
| OTR, an Ohio General Partnership, as Nominee of the State Teachers Retirement Board of Ohio |
| CA-Gateway Oaks L.P. |
| RREEF America REIT II Corp. CCCC |
| 1875/1925 Century Park East Company |
| Gate Riverplace Company |
| 513 Ellis Street, LLC |
| Courthouse Tower LLC |
| 1430 Truxtun Avenue Co-Partnership d/b/a Truxtun Tower Associates |
| Highwoods DLF EOLA LLC |
| Enright Court Reporting, Inc. and Alliance Reporting Service, Inc. |
| 444 Seabreeze Boulevard Associates, Ltd. |
| Gaedeke Holdings, Ltd. |
| BAHAL |
| MSF Associates, LLC |
| ECI Two North Third LLC |
| Atlanta Sand & Supply Company |
| Oasis 100 Franklin Street LLC |
| Rancho Partners Austin, LP |
| 701 Executive Suites |
| 110 Gulf Associates L.P. |
| Osprey – Sarasota City Center LLC |
| RSDB LLC |
| 1700 Grant Associates, Ltd. |
| Berkeley First City, L.P. |
| Wells Fargo Bank, N.A. |
| DBA 900 Building |
| Suntrust Bank |
| CAPROC Third Avenue LLC |
| Para-Met Plaza Associates |

| |
|---|
| Hines Riverfront Plaza LP |
| Kan Am Grund Kapitalanlagegesellschaft mbh |
| 311 West Monroe – VEF VI, LLC |
| CDR Glades LLC |
| 110 Associates, LLC |
| Cecor, L.P. |
| Fries Mill Bldg C LLC |
| Intelligent Office |
| Sterwick Development Corp. |
| Regus Group North Dallas LLC |
| Regus Equity Business Centres LLC |
| Crescent HC Investors, L.P. |
| Cameron McKinney LLC |
| Parkway Properties LP |
| GLB Summer I LLC and GLB Summer II |
| EOP-125 Summer Street LLC |
| Poydras Center LLC |
| Liberty Property L.P. |
| Cenwood Associates |
| Somerset Place LLC |
| Live Nation Worldwide, Inc. f/k/a SFX Entertainment Inc. |
| One Penn Plaza LLC |
| 523 Pacific Center Associates LLC |
| Thomas N. Rothschild |
| RREEF America REIT II Corp. GGGG |
| ACC/GP Investment LLC |
| Champion Office Suites |
| Blake Development Company |
| Bala Cynwyd Associates, LP |

## Schedule 2

## Connections to Debtors

Kirkland & Ellis – In the past, Sitrick And Company has been retained as communications counsel by clients that were, at one time, represented by Kirkland & Ellis.

Wells Fargo Bank, N.A. - In the past, Sitrick And Company has been retained as communications counsel by clients that were, at one time, clients of Wells Fargo Bank, N.A.

GE Capital - In the past, Sitrick And Company has been retained as communications counsel by clients that were, at one time, clients of GE Capital or an affiliate.

CIT Financial Services, Inc. - In the past, Sitrick And Company has been retained as communications counsel by clients that were, at one time, clients of CIT Financial Services, Inc. or an affiliate.