**Exhibit C**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                          :     Chapter 11
                                                :
ALEXANDER GALLO HOLDINGS,                       :     Case No. 11-14220
LLC, et al.,[1]                                 :
                                                :     (Jointly Administered)
                Debtors.                        :
------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) FOR AUTHORIZATION TO EMPLOY AND RETAIN SITRICK AND COMPANY AS CORPORATE COMMUNICATIONS CONSULTANT FOR THE DEBTORS, NUNC PRO TUNC TO THE PETITION DATE**

Upon the application (the "Application")[2] of Alexander Gallo Holdings, LLC and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), authorizing the Debtors to retain the firm of Sitrick and Company, a division of Sitrick Brincko Group, LLC ("Sitrick") as corporate communications consultant, nunc pro tunc to the Petition Date (as defined below), pursuant to the terms of that certain engagement letter, dated July 11, 2011 (the "Sitrick Agreement"), a copy of which is attached as Exhibit A to the Application, and upon the Declaration of Tom Becker, member of Sitrick, dated September 7, 2011 (the "Becker Declaration"), which is attached as Exhibit B to the Application; and the Court being satisfied based on the representations in the Application and the Becker Declaration that Sitrick is "disinterested" as defined in section

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates in connection with the matters for which Sitrick is to be retained by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice be provided; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. Pursuant to Bankruptcy Code sections 327(a) and 1107(b), the Debtors are hereby authorized to retain Sitrick as their corporate communications consultant, on a final basis, in accordance with the terms set forth in the Sitrick Agreement.

3. The terms and conditions of the Sitrick Agreement, including, without limitation, the fee provisions and the indemnification provisions, are reasonable and are approved.

4. The Debtors' retention of Sitrick is hereby approved effective nunc pro tunc to the Petition Date and the Debtors are authorized to pay, reimburse, and indemnify Sitrick according to the terms and at the times specified in the Sitrick Agreement. Sitrick will file fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, the U.S. Trustee Guidelines and any other applicable procedures and orders of the Court.

5. Sitrick shall be compensated in accordance with the provisions of section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules and applicable orders of this Court.

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court or any guidelines regarding the submission and approval of fee applications, Sitrick and its professionals shall only be required to file a schedule that identifies those professionals which have provided services on behalf of the Debtors and that provides a general description of the services performed by such professionals.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry

8. The Debtors are empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation or interpretation of this Order.

Dated: _____, 2011
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE