**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                  :           **Chapter 11**
:
**ALEXANDER GALLO HOLDINGS, LLC., et al.,** [1]  :           **Case No. 11-14220 (ALG)**
:
Debtors.                                     :           **(Jointly Administered)**
:
------------------------------------------------------------------x


### SCHEDULES OF ASSETS AND LIABILITIES FOR DEPONET, LLC

---

[1]     The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

Thomas R. Califano
Jeremy R. Johnson
Daniel G. Egan
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Proposed Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                               :        Chapter 11
                                                     :
ALEXANDER GALLO HOLDINGS,                            :        Case No. 11-14220 (ALG)
LLC, *et al.*,[1]                                    :
                                                     :        (Jointly Administered)
                              Debtors.               :
-------------------------------------------------------x

## GLOBAL NOTES PERTAINING TO DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Alexander Gallo Holdings, LLC and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

With the assistance of their professionals and advisors, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "SOFAs") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the financial statements.

---

[1]     The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

Although the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, including, but not limited to, the discovery of prepetition invoices that were not available (or that the Debtors had not yet received) at the time these Schedules and SOFAs were prepared, and inadvertent errors or omissions may exist. The information provided herein, except as otherwise noted, is as of September 7, 2011, the date the Debtors commenced these chapter 11 cases (the "Petition Date"). Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate.

These global notes regarding the Debtors' Schedules and SOFAs (the "Global Notes") comprise an integral part of the Schedules and SOFAs filed by the Debtors and should be referenced in connection with any review of the Schedules and SOFAs. Nothing contained in the Schedules and SOFAs shall constitute, or be deemed, a waiver of any rights, claims or defenses of the Debtors against any third party or with respect to any aspect of these chapter 11 cases or any related litigation or arbitration. Nothing contained in the Schedules and SOFAs is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, assertion made therein or herein or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party. The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim. The Schedules, SOFAs, and General Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of any of the Debtors or their affiliates.

The Debtors' management has made every reasonable effort to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper legal entity. However, because the Debtors' accounting systems, policies and practices were developed for consolidated reporting purposes, rather than by legal entity, it is possible that not all assets or liabilities have been recorded in the correct legal entity on the Schedules. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules in this regard.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

1.  Joint Administration.  Pursuant to an order dated September 9, 2011 [Docket No. 28], the Debtors' respective chapter 11 cases are jointly administered for procedural purposes under the case name and caption set forth above. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and SOFAs.

2.  Information Subject to Confidentiality.  There may be instances in the Schedules and SOFAs where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality or proprietary nature, or concerns for the privacy of, or the confidentiality of personally identifiable information with respect to, an individual.

3.  Amendments.  The Debtors reserve the right to amend and/or supplement the Schedules and SOFAs as necessary and/or appropriate.

4.  Estimates and Assumptions.  The preparation of the Schedules and SOFAs required the Debtors to make estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and SOFAs, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from those estimates.

5.  Asset and Liability Presentation.  Unless otherwise noted, each asset and liability of the Debtors is shown on the basis of the net book value of the asset or liability in the Debtors' accounting books and records as of September 7, 2011, and not on the basis of current market values of such interest in property and/or liabilities. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.  The Debtors reserve the right to amend or adjust the value of any asset or liability set forth herein.

6.  Excluded Assets and Liabilities.  Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts or reserves recorded for GAAP reporting purposes only and certain assets with a net book value of zero are not included in the Debtors' Schedules.

7.  Setoffs.  The Debtors may incur certain setoffs and other similar rights from customers and suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from various items, including, but not limited to, pricing discrepancies and other disputes between the Debtors and their customers and suppliers.  These normal setoffs and other similar rights are consistent with

the ordinary course of business in the Debtors' industry. Although such setoffs may have been accounted for when scheduling certain amounts, setoffs are not independently accounted for, and as such, are generally excluded from the Schedules and SOFAs.

8.  **Prepetition Claims Paid Postpetition.** As part of certain "first day" orders, the Debtors were authorized to pay, in their own discretion, certain outstanding prepetition claims, including, but not limited to, wages, expenses and benefits [Docket No. 122] (the "Employee Wage Order"), claims of certain taxing and licensing authorities, and claims of certain court reporters. Any such prepetition claims that have been or will be paid postpetition pursuant to authority granted by the Bankruptcy Court may have been excluded from the Schedules and SOFAs. However, the inclusion of any such amounts shall not be deemed to obligate the Debtors to pay such amounts again. Further, the Debtors may continue to pay prepetition claims in accordance with the authority granted by the Bankruptcy Court.

9.  **Prepetition vs. Postpetition.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. Further, the Debtors reserve the right to change the allocation of liability to the extent additional information becomes available.

10. **Causes of Action.** Despite reasonable efforts, the Debtors might not have identified and/or set forth all causes of action against third parties in their Schedules and SOFAs. The Debtors reserve any and all rights with respect to any causes of action they may have, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action nor may they be used in any litigation in these or related to these chapter 11 cases.

11. **Claims Description.** Any failure to designate a claim on the Debtors' Schedules and/or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment. The Debtors reserve the right to amend their Schedules and/or SOFAs as necessary and/or appropriate.

12. **Property and Equipment.** Owned property and equipment are listed at net book value. Nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment or the listing of leased property or equipment as owned property or equipment or vice

versa) is or shall be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all rights with respect to such issues.

13. <u>Insiders</u>.    In the circumstance where the Schedules and SOFAs require information regarding insiders and/or officers and directors, the Debtors have attempted to include therein each of the Debtors' (a) "directors" (or persons in similar positions), and (b) employees that may be, or may have been during the relevant period, "officers," as such term is defined by applicable law.  The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

14. <u>Categories or Labels Used in Schedules and SOFAs</u>.  Information requested by the Schedules and SOFAs requires the Debtors to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled.  The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and SOFAs and within the time constraints imposed by the Bankruptcy Code and Bankruptcy Rules.  The Debtors reserve the right to modify, change or delete any information in the Schedules and SOFAs by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

15. <u>Schedule B16</u>.  In the ordinary course of business, prior to the Petition Date, the Debtors used a centralized cash management system (the "<u>Cash Management System</u>") to collect, transfer, and distribute funds generated by the Debtors' operations and to accurately record such collections, transfers, and disbursements as they were made.  A description of the Cash Management System is set forth in the *Motion of the Debtors for Entry of Interim and Final Orders Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtors to (I) Maintain and Use Existing Bank Accounts and Business Forms, and (II) Maintain and Use Existing Cash Management System*, filed on September 7, 2011 [Docket No. 10].

16. <u>Schedule D—Creditors Holding Secured Claims</u>.  Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature or the validity of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim (including, but not

limited to, whether any document is a true lease or financing arrangement). Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens of any nature is not intended to be an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. Nothing in the Global Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. Any such creditors may, however, be listed on Schedule F. Reasonable efforts have been made to determine the date upon which claims listed in Schedule D were incurred or arose. The Debtors do not list a date for each claim listed on Schedule D where such efforts would be unduly burdensome or cost prohibitive.

17.    Schedule E—Creditors Holding Unsecured Priority Claims. As part of certain "first day" orders, the Debtors were authorized to pay, in their own discretion, certain outstanding prepetition claims, including, but not limited to, wages, expenses and benefits under the Employee Wage Order and obligations to taxing authorities. Any such prepetition claims that have been or will be paid postpetition pursuant to the authority granted by the Bankruptcy Court have been excluded from the Schedules and SOFAs. The inadvertent inclusion of any such amounts shall not be deemed to obligate the Debtors to pay such amounts again. Further, the Debtors may continue to pay prepetition claims in accordance with the authority granted by the Bankruptcy Court.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis. Reasonable efforts have been made to determine the date upon which claims listed in Schedule E were incurred or arose. The Debtors do not list a date for each claim listed on Schedule E where such efforts would be unduly burdensome or cost prohibitive.

18.    Schedule F—Creditors Holding Unsecured Nonpriority Claims. The liabilities identified in Schedule F are derived from the Debtors' books and records. The

Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule F. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financials that the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of these chapter 11 cases.

The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Reasonable efforts have been made to determine the date upon which claims listed in Schedule F were incurred or arose. The Debtors do not list a date for each claim listed on Schedule F where such efforts would be unduly burdensome or cost prohibitive.

19.    <u>Schedule G—Executory Contracts</u>.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract, lease or agreement on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease or that such contract, lease or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, effectiveness, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G; however, nothing in Schedule G shall operate as a bar to the Debtors' right to treat such agreements as severable. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as easements, right of way, subordination, non-disturbance agreements, supplemental agreements, amendments, letter agreements, title agreements, non-disclosure agreements and confidentiality agreements. Such documents may not be set forth on Schedule G.

In connection with certain relief requested by the Debtors in these cases, the Debtors were authorized to reject certain real property leases effective as of the Petition Date. The inclusion of any such rejected lease on Schedule G shall not be deemed an admission that such lease is currently in effect, and shall not be deemed to create any additional obligations on the part of the Debtors in connection with such lease.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim, including, but not limited to, whether any lease is a true lease or financing arrangement.

The Debtors may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement. Out of an abundance of caution, the Debtors have listed such agreements on Schedule G. The Debtors' inclusion of such contracts, leases or agreements on Schedule G is not an admission that such contract, lease or agreement is an executory contract or unexpired lease.

Omission of a contract, lease or agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is <u>not</u> an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, leases or agreements are not impaired by the omission.

20.    <u>Schedule H</u>. The Debtors may have co-debtors or co-obligors under their various leases, contracts and/or other agreements. They have made an attempt to list all such material co-obligations on Schedule H. Any omission of a co-debtor or co-obligor on Schedule H or elsewhere in the Debtors' Schedules does not constitute an admission that such omitted co-debtor or co-obligor is <u>not</u> obligated or liable under the relevant debt. The Debtors' rights under the Bankruptcy Code and non-bankruptcy law with respect to any such omitted co-debtor or co-obligor are not impaired by the omission.

21.    <u>SOFAs 1 & 2</u>. The period covered in the first entry is from the beginning of this calendar year through the Petition Date.

22.    <u>SOFA 3b</u>. In the list of payments under SOFA 3b, the Debtors have not included payments for wages, compensation, or expenses made to employees or temporary employees in the ordinary course of business. The Debtors have paid employees and temporary employees pursuant to the Employee Wage Order for prepetition wages, compensation, or expenses owed up to the statutory cap and thus believe most are not creditors. To the extent an employee or temporary employee is a creditor notwithstanding the Employee Wage Order, that employee or temporary employee may be entitled to priority treatment, but only in accordance with section 507 of the Bankruptcy Code.

23.    <u>Specific Notes</u>. These Global Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. The fact that the Debtors have prepared a "specific note" with respect to any of the Schedules and SOFAs and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of any Global Note to any of the Debtors' remaining Schedules and SOFAs, as appropriate. Moreover, disclosure of information in one Schedule,

SOFA, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit, or continuation sheet.

24.    <u>Totals</u>.    All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.  To the extent there are unliquidated, unknown or undetermined amounts, the actual total may be different than the listed total.

25.    <u>Undetermined Amounts</u>.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

26.    <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated," "TBD," "undetermined" and/or "unknown."

27.    <u>General Reservation of Rights</u>.  The Debtors specifically reserve the right to amend, modify, supplement, correct, change, or alter any part of their Schedules and SOFAs as and to the extent necessary and as they deem appropriate.  Nothing contained in the Schedules, SOFAs or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts or leases, assumption or rejection of contracts or leases under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**Southern District of New York, New York**

**In re: Deponet, LLC**　　　　　　　　　　　　　　　　　　　　　**Case No. 11-14227 (ALG)**

**Chapter 11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 13 | $362,416.67 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **24** | **$362,416.67** | **$0.00** | |

B6A (Official Form 6A) (12/07)

**In re: Deponet, LLC**                                                                 **Case No. 11-14227 (ALG)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | **$0.00** | |

(Report total also on Summary of Schedules.)

Page 1 of 1

B6B (Official Form 6B) (12/0

**In re: Deponet, LLC**                                                                    **Case No. 11-14227 (ALG)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |

Subtotal (Total on this page) | **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 11-14227 (ALG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |

Subtotal (Total on this page)      **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                                            **Case No. 11-14227 (ALG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |

Subtotal (Total on this page)     **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                                                                     **Case No. 11-14227 (ALG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

Subtotal (Total on this page) | **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                      **Case No. 11-14227 (ALG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

Subtotal (Total on this page)     **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                                           **Case No. 11-14227 (ALG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts Receivable. | | TRADE RECEIVABLES | | $362,416.67 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Subtotal (Total on this page)        **$362,416.67**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                                 **Case No. 11-14227 (ALG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Subtotal (Total on this page)     **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                    **Case No. 11-14227 (ALG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                                                    **Case No. 11-14227 (ALG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26.  Boats, motors, and accessories. | X | | | |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                    **Case No. 11-14227 (ALG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |

Subtotal (Total on this page)  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                          **Case No. 11-14227 (ALG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |

Subtotal (Total on this page)     **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                    **Case No. 11-14227 (ALG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

Subtotal (Total on this page)        **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Deponet, LLC**                                                                 **Case No. 11-14227 (ALG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$362,416.67** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

B6D (Official Form 6D) (12/07)

**In re: Deponet, LLC**                                                                                          **Case No. 11-14227 (ALG)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| WELLS FARGO BANK, N.A AS ADMINISTRATIVE AGENT WELLS FARGO BANK, N.A. CREDIT RESOLUTION GROUP 301 SOUTH COLLEGE ST 15TH FL CHARLOTTE, NC 28288 | | | SECURED GUARANTY CLAIM | X | | | UNKNOWN | |

Subtotal(s) (Total(s) on this page) | | | $0.00 | $0.00 |

B6D (Official Form 6D) (12/07) - Cont.

**In re: Deponet, LLC**                                                                                    **Case No. 11-14227 (ALG)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| WELLS FARGO BANK, N.A AS ADMINISTRATIVE AGENT 171 17TH ST MAC D1053-151 ATLANTA, GA 30363 | | | SECURED GUARANTY CLAIM | X | | | UNKNOWN | |
| GRACE BAY HOLDINGS II, LLC C/O BAYSIDE CAPITAL, INC 1450 BRICKNELL AVE 31ST FL MIAMI, FL 33131 | | | SECURED GUARANTY CLAIM | X | | | UNKNOWN | |

| | | |
|---|---|---|
| Subtotal(s) (Total(s) on this page) | **$0.00** | **$0.00** |
| Total(s) (Use only on last page) | **$0.00** | **$0.00** |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6E (Official Form 6E) (04/10)

**In re: Deponet, LLC**                                                                      **Case No. 11-14227 (ALG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIM  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/10) - Cont.

**In re: Deponet, LLC**                                                                                      **Case No. 11-14227 (ALG)**

☐  **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

  Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/10) - Cont.

**In re: Deponet, LLC**                                                    **Case No. 11-14227 (ALG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |
| Subtotals (Totals on this page): | | | | | | | $0.00 | $0.00 | $0.00 |
| Total: (Report also on the Summary of Schedules) | | | | | | | $0.00 | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | | | | $0.00 | $0.00 |

B6F (Official Form 6F) (12/07)

**In re: Deponet, LLC**                                               **Case No. 11-14227 (ALG)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.   See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| GALLO HOLDINGS, LLC AS NOTE HOLDER REPRESENTATIVE ATTN BEN BISCONTI/JASON KLEIN ACCEL-KKR COMPANY LLC 2500 SAND HILL RD STE 300 MENLO PARK, CA 94025 | | | GUARANTY CLAIM | X | | | UNKNOWN |
| WINSTON NOTEHOLDERS, LLC ATTN KEVIN L PASSARELLO HARVEST EQUITY PARTNERS, LLC PO BOX 1960 3 E MARSHALL ST MIDDLEBURG, VA 20118 | | | GUARANTY CLAIM | X | | | UNKNOWN |

Subtotal (Total on this page)      **$0.00**

B6F (Official Form 6F) (12/07) - Cont.

**In re: Deponet, LLC**                                                                    **Case No. 11-14227 (ALG)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

|  |  |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$0.00** |
| (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

B6G (Official Form 6G) (12/07)

**In re: Deponet, LLC**                                                                 **Case No. 11-14227 (ALG)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

B6H (Official Form 6H) (12/07)

**In re: Deponet, LLC**                                                            **Case No. 11-14227 (ALG)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☐ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| ALEXANDER GALLO HOLDINGS, LLC (CO-BORROWER)<br>CENTENNIAL TOWER STES 2700 AND 2800<br>ATLANTA, GA 30303 | GALLO HOLDINGS, LLC AS NOTE HOLDER REPRESENTATIVE<br>ATTN BEN BISCONTI/JASON KLEIN<br>ACCEL-KKR COMPANY LLC<br>2500 SAND HILL RD STE 300<br>MENLO PARK, CA 94025 |
| ALEXANDER GALLO HOLDINGS, LLC (CO-BORROWER)<br>CENTENNIAL TOWER STES 2700 AND 2800<br>ATLANTA, GA 30303 | WELLS FARGO BANK, N.A AS ADMINISTRATIVE AGENT<br>WELLS FARGO BANK, N.A. CREDIT RESOLUTION GROUP<br>301 SOUTH COLLEGE ST 15TH FL<br>CHARLOTTE, NC 28288 |
| ALEXANDER GALLO HOLDINGS, LLC (CO-BORROWER)<br>CENTENNIAL TOWER STES 2700 AND 2800<br>ATLANTA, GA 30303 | WELLS FARGO BANK, N.A AS ADMINISTRATIVE AGENT<br>171 17TH ST<br>MAC D1053-151<br>ATLANTA, GA 30363 |
| ALEXANDER GALLO HOLDINGS, LLC (CO-BORROWER)<br>CENTENNIAL TOWER STES 2700 AND 2800<br>ATLANTA, GA 30303 | WINSTON NOTEHOLDERS, LLC<br>ATTN KEVIN L PASSARELLO<br>HARVEST EQUITY PARTNERS, LLC<br>PO BOX 1960<br>3 E MARSHALL ST<br>MIDDLEBURG, VA 20118 |

B6H (Official Form 6H) (12/07)

**In re: Deponet, LLC**                                                            **Case No. 11-14227 (ALG)**

# SCHEDULE  H - CODEBTORS
(Continuation Sheet)

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| ALEXANDER GALLO HOLDINGS, LLC (CO-BORROWER)<br>CENTENNIAL TOWER STES 2700 AND 2800<br>ATLANTA, GA 30303 | GRACE BAY HOLDINGS II, LLC<br>C/O BAYSIDE CAPITAL, INC<br>1450 BRICKNELL AVE 31ST FL<br>MIAMI, FL 33131 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK, NEW YORK**

**In re: Deponet, LLC**                                                    **Case No. 11-14227 (ALG)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Andrew Sims, Chief Financial Officer for Alexander Gallo Holdings, LLC of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 35 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date ___10/10/2011_____          Signature: ___/ s / Andrew Sims_____

                                                              **Andrew Sims**

                                                              **Chief Financial Officer for Alexander Gallo Holdings, LLC**

---

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**