UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                    :      Chapter 11
                                                         :
AGH LIQUIDATING, LLC (f/k/a                              :
Alexander Gallo Holdings, LLC), *et al.*,[1]             :      Case No. 11-14220 (ALG)
                                                         :
                                                         :      (Jointly Administered)
                    Debtors.                             :
-------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING AND
APPROVING ASSUMPTION AND/OR ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS
OF THE CLOSING OF THE SALE OF SUBSTANTIALLY ALL OF DEBTORS'
ASSETS TO BAYSIDE GALLO ACQUISITION, LLC**

Upon the motion (the "Sale Motion")[2] dated September 14, 2011, of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for approval of the sale of substantially all of the Debtors' assets; and the Court having (a) entered an order on November 10, 2011 [Docket No. 262] (the "Sale Order") authorizing, among other things, the Debtors to assume and assign to the Purchaser certain executory contracts and unexpired leases in connection with the sale and (b) reviewed and considered the proposed assumption and assignment to the Purchaser certain executory contracts and unexpired leases, the objections thereto and statements of counsel and the evidence presented in support of the relief requested by the Debtors at a hearing before the Court on November 16, 2011, December 14, 2011, January 31, 2012 and February 23, 2012 (the "Cure Objection Hearings"); and the Court having

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion or, if not defined in the Sale Motion, as defined in the Asset Purchase Agreement by and among Bayside Gallo Acquisition, LLC and the Sellers named therein (the "Purchaser"), dated October 6, 2011 (the "APA").

EAST\48004539.1

jurisdiction to consider the assumption and assignment of certain executory contracts and unexpired leases in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the assumption and assignment of certain executory contracts and unexpired leases being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the assumption and assignment of certain executory contracts and unexpired leases having been given, and it appearing that no other or further notice need be provided; and the Court having determined that the assumption and assignment of certain executory contracts and unexpired leases being in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth at the Cure Objection Hearings establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby;

**FOUND AND DETERMINED THAT:**[3]

A.    The Debtors have demonstrated that assuming and assigning the Assumed Contracts is an exercise of their sound business judgment, and that such assumption and assignment is in the best interests of the Debtors' estates.

B.    The Debtors have, to the extent necessary, satisfied (or will satisfy) the requirements of Bankruptcy Code sections 365(b)(1) and 365(f)(2) in connection with the assumption and assignment of the Assumed Contracts to the Purchaser.

C.    The procedures utilized in providing notice to the counterparties to the Assumed Contracts with regard to the assumption and assignment of the Assumed Contracts were fair and reasonable.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. Each of the Assumed Contracts listed on <u>Schedule 1</u> annexed hereto is an executory contract or unexpired lease of non-residential real property capable of being assumed and assigned pursuant to section 365 of the Bankruptcy Code.

2. The Debtors are hereby authorized, in accordance with Bankruptcy Code sections 105 and 365, to assume and assign the Assumed Contracts listed on <u>Schedule 1</u> annexed hereto to Purchaser effective upon the Closing.

3. With respect to the contracts and leases listed on <u>Schedule 2</u> annexed hereto, the Cure Objection Hearing is hereby adjourned until March 16, 2012 at 10:00 a.m.

4. All undisputed and liquidated monetary defaults, claims, or other unpaid obligations of the Debtors arising or accruing under each Assumed Contract prior to the assumption of such Assumed Contract (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2)) shall be promptly cured by the Purchaser upon assumption as provided in Bankruptcy Code section 365(b)(1).

5. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: February 23, 2012
      New York, New York

                                      */s/Allan L. Gropper*
                                      HONORABLE ALLAN L. GROPPER
                                      UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

**Assumed Contracts**

**Leases**

| Lessor | Leased Premises | Cure Amount |
|---|---|---|
| Fries Mill Bldg C, LLC | 188 Fries Mill Road Turnsersville, NJ 08012 | $0.00 |
| Gate Riverplace Company | 1301 Riverplace Blvd Ste 1609 Jacksonville, FL 32207 | $30,287.00 |

**Contracts**

| Contract Counterparty | Contract Description | Cure Amount |
|---|---|---|
| Aptara, Inc. | Services Agreement | $500,000.00 |
| AT&T | Vendor Agreement(s) | $0.00 |
| Janna Read | Employment Agreement | $0.00 |

EAST\48004539.1

## Schedule 2

## Adjourned Matters

| Counterparty | Description |
|---|---|
| Receivable Management Services | Services Agreement |

EAST\48004539.1