**SILVERMANACAMPORA LLP**
Attorneys for Ronald J. Friedman, Esq.,
  Liquidating Trustee of the Liquidating Trust
  of the jointly administered estates of AGH Liquidating, LLC
  (f/k/a Alexander Gallo Holdings, LLC), *et al.*
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert J. Ansell, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| AGH LIQUIDATING, LLC (f/k/a Alexander Gallo Holdings, LLC), *et al.* | Case No. 11-14220 (ALG) |
| | Jointly Administered |
| Debtors. | |

-------------------------------------------------------------------x

### EIGHTH POST-CONFIRMATION STATUS REPORT OF LIQUIDATING TRUSTEE PURSUANT TO 11 U.S.C. §1106(a)(7), LOCAL BANKRUPTCY RULE 3021-1 AND THE POST-CONFIRMATION ORDER

Ronald J. Friedman, Liquidating Trustee (the "Liquidating Trustee") of the Liquidating Trust (the "Trust") of the jointly administered estates of AGH Liquidating, LLC (f/k/a Alexander Gallo Holdings, LLC), and its debtor affiliates (collectively, the "Debtors"),[1] by his attorneys SilvermanAcampora LLP, submits this eighth post-confirmation status report (the "Eighth Report") apprising the United States Bankruptcy Court for the Southern District of New York of actions taken by the Liquidating Trustee since filing the *Seventh Post-Confirmation Status Report of Liquidating Trustee Pursuant to 11 U.S.C. Section 1106(a)(7), Local Bankruptcy Rule 3021-1 and the Post-Confirmation Order* (ECF Doc. No. 703) on January 17, 2014, and respectfully represents:

---

[1] The Debtors are: AGH Liquidating, LLC (f/k/a Alexander Gallo Holdings, LLC); AG/S Liquidating, LLC (f/k/a Ag/Sanction LLC); DMIS Liquidating, Inc. (f/k/a D-M Information Systems, Inc.); EDS Liquidating, LLC (f/k/a Esquire Deposition Services, LLC); HWG Liquidating, Inc. (f/k/a The Hobart West Group, Inc.); DN Liquidating, LLC (f/k/a Deponent, LLC); ELS Liquidating, LLC (f/k/a Esquire Litigation Services, LLC); ES Liquidating, LLC (f/k/a Esquire Solutions, LLC); HWS Liquidating, LLC (f/k/a The Hobart West Solutions, LLC); SD Liquidating, LLC (f/k/a Set Depo, LLC); UL Liquidating, Inc. (f/k/a Unlimited Languages, Inc.).

**PLAN CONFIRMATION AND EFFECTIVE DATE**

1.  This is the Eighth Report filed by the Liquidating Trustee, pursuant to the *Debtors' Third Modified Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated March 13, 2012 (the "Plan"),[2] the *Post-Confirmation Order and Notice* dated March 19, 2012 (ECF Doc. No. 504), section 1106(a)(7) of title 11, United States Code (the "Bankruptcy Code"), and Rule 3021-1 of the Local Bankruptcy Rules of the Court.[3]  The Court confirmed the Plan by order dated March 19, 2012 (ECF Doc. No. 503) (the "Confirmation Order").

2.  On or about May 17, 2012, the Debtors, the Official Committee of Unsecured Creditors of the Debtors' cases (the "Committee"), and the Liquidating Trustee executed the Liquidating Trust Agreement which established the AGH Liquidating Trust (the "Trust").  The Trust became effective on the Effective Date of the Plan (defined below).

3.  On May 23, 2012, the Debtors filed the *Notice of (A) Entry of Order Confirming the Third Modified Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, and (B) Occurrence of the Effective Date* (ECF Doc. No. 557), which notified interested parties that (i) the effective date of the Plan occurred on May 22, 2012 (the "Effective Date"), (ii) the Plan had been substantially consummated, and (iii) the deadline for filing and serving requests for payment of Administrative Expense Claims, aside from specific exceptions, was June 21, 2012.

4.  This Eighth Report describes the actions taken by the Liquidating Trustee and progress made since filing the Seventh Report.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[3] On August 8, 2012, the Liquidating Trustee filed the First Post-Confirmation Status Report (ECF Doc. No. 579).  On October 19, 2012, the Liquidating Trustee filed the Second Post-Confirmation Status Report (ECF Doc. No. 590).  On January 23, 2013, the Liquidating Trustee filed the Third Post-Confirmation Status Report (ECF Doc. No. 599).  On April 16, 2013, the Liquidating Trustee filed the Fourth Post-Confirmation Status Report (ECF Doc. No. 611).  On July 17, 2013, the Liquidating Trustee filed the Fifth Post-Confirmation Status Report (ECF Doc. No. 616).  On October 15, 2013, the Liquidating Trustee filed the Sixth Post-Confirmation Status Report (ECF Doc. No. 678).  On January 17, 2014, the Liquidating Trustee filed the Seventh Post-Confirmation Status Report.

SPG/1517202.1/061392

**Distributions and Claims**

5.   As of January 1, 2014, the available cash-on-hand was $71,605.96.

6.   Since January 1, 2014, the Liquidating Trustee has collected $162,370.00, in connection with the Avoidance Actions (defined below).

7.   Since January 1, 2014, the Liquidating Trustee has made distributions on behalf of the Trust in the aggregate amount of $80,375.00 on account of: (a) the Liquidating Trustee's fees in the aggregate amount of $10,500 for January, February, and March 2014; (b) U.S. Trustee Quarterly fees for the Fourth Quarter of 2013 in the amount of $975.00, and for the First Quarter of 2014 in the amount of $975.00; and (c) $65,000 which represents a portion of professional fees due to CBIZ MHM LLC and CBIZ for services rendered on behalf of the Trust in connection with pursuing the Avoidance Actions.

8.   To the best of the Liquidating Trustee's knowledge, all Allowed Priority Claims have been paid in full.

9.   To the best of the Liquidating Trustee's knowledge, based upon the available books and records, the only administrative expense claim still outstanding is held by John E. Rogers, Rogers & Associates, in the amount of $43,288.76 (P.O.C. No. 278).[4]

10.   The Plan and the Confirmation Order authorize the Liquidating Trustee to object to claims, other than Administrative Claims.

11.   The deadline by which the Liquidating Trustee must object to claims was extended by Order of this Court (ECF Doc. No. 698) through and including June 16, 2014.

12.   The Liquidating Trustee intends to conduct, after sufficient funds are recovered for

---

[4] On February 4, 2013, the Court entered two orders directing the production and turnover of documents by and examination of John E. Rogers (ECF Doc. No. 603) and Rogers & Associates Attorneys (ECF Doc. No. 604).  On September 5, 2013, the Liquidating Trustee commenced avoidance actions against, among others, Rogers & Associates Attorneys (Adv. Pro. No. 13-01450 (ALG)), which is pending before the Court.

SPG/1517202.1/061392

the Trust's beneficiaries, a comprehensive review and reconciliation of the remaining General Unsecured Claims. The Liquidating Trustee, together with the assistance of his advisors, will continue to review claims, reserve the right to file objections to claims, and will effectuate distributions to creditors holding Allowed Claims against the Debtors' estates, pursuant to the Plan and Confirmation Order.

**Consolidation of the Debtors' Cases**

13. On December 5, 2013, the Court entered a *Final Decree* (ECF Doc. No. 697) closing certain of the Debtors' cases,[5] and providing, among other things, that the chapter 11 case of AGH Liquidating, LLC (f/k/a Alexander Gallo Holdings, LLC) shall remain open until the Liquidating Trustee analyzes and resolves the remaining general unsecured claims filed against the Debtors' estates, and prosecutes or resolves claims asserted in the Avoidance Actions.

**Litigation**

**The Fraudulent Conveyance Actions**

14. On September 5, 2013, the Liquidating Trustee commenced five (5) adversary proceedings (collectively, the "Fraudulent Conveyance Actions") seeking to avoid and recover certain fraudulent and preferential transfers made by the Debtors prior to the Petition Date (Adv. Pro. Nos. 13-01447 (ALG), 13-01448 (ALG), 13-01449 (ALG), 13-01450 (ALG), and 13-01451 (ALG)).[6] The Fraudulent Conveyance Actions are more completely described in the Sixth Report.

15. Pre-Trial Conferences were held in connection with the Fraudulent Conveyance

---

[5] The Final Decree authorized the closing of certain of the Debtors' cases as follows: 11-14223, 11-14224, 11-14225, 11-14226, 11-14227, 11-14228, 11-14229, 11-14230, 11-14234, and 11-14235.

[6] Since commencing the Fraudulent Conveyance Actions, the Liquidating Trustee has, among other things: (i) dismissed the claims against the defendant in Adversary Proceeding No. 13-01449 (ALG); (ii) in Adversary Proceeding No. 13-01448 (ALG), dismissed the claims against defendant Alostar Bank of Commerce, and filed a claim in the receivership case of the only other defendant Nexity Bank; (iii) in Adversary Proceeding No. 13-01450, dismissed the claims against defendants Gina S. Wu, a/k/a Gina S. Tsai, Bryan Cave LLP, Estate Domestics, Maria A. Basurto, Andrea D. Bakewell, and Leslie M. Blair; and (iv) in Adversary Proceeding No. 13-01451 (ALG), dismissed the claims against defendant John Balch, and only certain claims against defendant Tina M. Alexander, f/k/a Tina M. Alexander.

4    SPG/1517202.1/061392

Actions on November 6, 2013, and December 5, 2013.

16. On November 6, 2013, and on December 2, 2013, a Litigation Status Chart was filed on the docket of each of the Fraudulent Conveyance Actions, advising the Court and interested parties of the status of each Fraudulent Conveyance Action.

17. On December 6, 2013, the Court entered a Pre-Trial Scheduling Order in each of the Fraudulent Conveyance Actions which, among other things, set a fact discovery deadline for May 30, 2014, and scheduled a further Pre-Trial Conference in each of the Fraudulent Conveyance Actions for June 3, 2014.

**The Preference Actions**

18. On September 6, 2013, the Liquidating Trustee commenced forty (40) adversary proceedings (collectively, the "Preference Actions" and, together with the Fraudulent Conveyance Actions, the "Avoidance Actions") seeking to avoid certain transfers made by the Debtors within the ninety-day (90) period prior to the Petition Date (Adv. Pro. Nos. 13-01453 (ALG) through 13-01494 (ALG)), which are more completely described in the Sixth Report.

19. Since January 1, 2014, certain of the Preference Actions have been dismissed (Adv. Pro. Nos. 13-01463 (ALG); 13-01469 (ALG); 13-01467 (ALG); 13-01471 (ALG); 13-01479 (ALG); 13-01478 (ALG)). Prior to January 1, 2014, certain other Preference Actions were dismissed, as set forth in the Seventh Report.

20. The Liquidating Trustee and his professionals continue to prosecute the remaining Preference Actions for the benefit of the Debtors' estates, and will provide the Court with a Litigation Status Chart in advance of the next Pre-Trial Conference.

## **CONCLUSION**

21.  The Liquidating Trustee will continue to provide this Court and parties in interest with updates regarding actions taken since confirmation of the Plan by filing periodic Post-Confirmation Status Reports.

Dated:  Jericho, New York
April 15, 2014

SILVERMANACAMPORA LLP
Attorneys for Ronald J. Friedman, Esq., Liquidating
   Trustee of the AGH Liquidating Trust

By:    s/ Robert J. Ansell
Robert J. Ansell
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300